Michael Edwin **TERRY**, Petitioner–Appellant,

v.

Brian **BELLEQUE**, Respondent–Appellee.

No. 10–36078.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2011.*

Filed Dec. 2, 2011.

Kristina Hellman, Assistant Federal Public Defender FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Erin C. Lagesen, Assistant Attorney General, Oregon Department Of Justice, Salem, OR, for Respondent–Appellee.

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

**MEMORANDUM** \*\*

Oregon state prisoner Michael Edwin Terry appeals the district court's denial of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. We conclude that the Oregon state courts did not unreasonably apply federal law in finding that Terry failed to affirmatively prove actual prejudice due to any deficiency in the performance of his attorney. Accordingly, we affirm.

Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. The state post-conviction relief court "assumed without deciding" that the performance of Terry's counsel was deficient but found under the *Strickland* standard that Terry suffered no prejudice as a result of his counsel's failure to investigate or raise an extreme emotional disturbance defense. Notably, Terry's own expert, Dr. Cochran, could only testify to "a *possibility* of EED that *may* have helped" Terry's defense (emphasis in original). The state court concluded that such a tentative conclusion would not have been admissible. Even if this evidence had been considered, it was not powerful enough to make a different verdict reasonably probable under *Strickland.* Moreover, Terry's own testimony provided little, if any, support for a defense based on extreme emotional disturbance. For these reasons, Terry has not

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

met the high burden of showing that the state court's determination was unreasonable. *See Knowles v. Mirzayance,* 556 U.S. 111, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009).

**AFFIRMED.**

[***] This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.